USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/06/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
TRUSTEES OF THE NEW YORK CITY                   :
DISTRICT COUNCIL OF CARPENTERS                  :
PENSION FUND, WELFARE FUND,                     :
ANNUITY FUND, and APPRENTICESHIP,               :    24-CV-1853 (VEC)
JOURNEYMAN RETRAINING,                          :
EDUCATIONAL AND INDUSTRY FUND,                  :    OPINION & JUDGMENT
TRUSTEES OF THE NEW YORK CITY                   :
CARPENTERS RELIEF AND CHARITY FUND,             :
and THE CARPENTER CONTRACTOR                    :
ALLIANCE OF METROPOLITAN NEW YORK,              :
                                                :
                              Petitioners,      :
                                                :
              -against-                         :
                                                :
RICI CORP.,                                     :
                                                :
                              Respondent.       :
------------------------------------------------------------ X
```

VALERIE CAPRONI, United States District Judge:

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the Carpenter Contractor Alliance of Metropolitan New York (the "Funds"), bring this action against Respondent Rici Corp. to confirm a final arbitration award. *See* Pet., Dkt. 1. Respondent has not opposed the Petition. For the following reasons, the Petition is GRANTED.

## BACKGROUND

Respondent Rici Corp. and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America entered into a collective bargaining agreement ("CBA"), which took effect on July 1, 2017. *See* CBA, Dkt. 1-5; *see also* Project Labor Agreements, Dkts. 1-2, 1-4 art. 2 § 4 (assenting to the Collective Bargaining Agreements).

As relevant to this dispute, the CBA requires Rici Corp. to contribute to the Funds for every hour worked by covered employees, to make available for audit its books and payroll records at the Funds' request, and to follow all of Petitioners' policies regulating the Funds, including the Funds' Revised Statement of Policy for Collection of Employer Contributions ("Collection Policy"). *See* CBA, art. XV §§ 1, 3.

The CBA and Collection Policy provide that if Petitioners prevail in a dispute regarding unpaid contributions, they may collect delinquent contributions; interest on the unpaid contributions at the prime rate plus 2%; an amount equal to the greater of (a) interest on the delinquent contributions or (b) liquidated damages in the amount of 20% of the unpaid contributions; audit costs; and reasonable costs and attorneys' fees. *See* CBA art. XV § 6(a)–(b); Collection Policy, Dkt. 1-10 §§ IV(11), V(4)–(6).

Respondent refused to produce records for the audit period of April 2022. *See* Pet. ¶¶ 25–26. Consequently, Petitioners conducted an estimated audit in accordance with the procedure established by the Collection Policy. *See* Collection Policy § IV(12); Pet. ¶ 27. Petitioners estimated Respondent's delinquent contributions to be $378,374.02. Audit Calculation, Dkt. 1-11.

On October 30, 2023, Petitioners commenced arbitration pursuant to the terms of the Collection Policy. *See* Collection Policy § VI(1);[1] Pet. ¶ 29. Respondent did not appear. *See* Arbitration Award, Dkt. 1-13 at 2. On November 25, 2023, the arbitrator found that Respondent had violated the CBA and ordered Respondent to comply with Petitioners' outstanding audit request within 30 days. *See id.* at 2–3. The arbitrator also awarded Petitioners damages in the amount of $378,374.02 for the estimated deficiency; $25,428.29 in interest, reflecting the prime

---

[1] The arbitrator was chosen from a pool of five arbitrators designated by the Collection Policy. *See* Collection Policy, Dkt. 1-10 § VI(2).

rate plus 2%; liquidated damages of $75,674.80; audit costs; prospective court costs including the court filing fee of $402; attorneys' fees of $1,500; and the arbitrator's fee of $1,000, totaling $482,379.11. *Id*.

On November 28, 2023, Petitioners served Respondent with a demand for payment of and compliance with the award; the letter was returned as unclaimed. Pet'r Demand Letter, Dkt. 1-14. Respondent has not made any payment toward the award nor produced the requested documents for audit. Pet. ¶ 33. On March 12, 2024, Petitioners filed a petition to confirm the arbitration award and for an award of fees and costs. Pet., Dkt. 1. Petitioners served Respondent on March 18, 2024; Respondent has not responded. Aff. of Service, Dkt. 7.[2] A Certificate of Default was entered against Respondent on April 24, 2024. Certificate of Default, Dkt. 11.

## DISCUSSION

### I. Legal Standard

Pursuant to the Federal Arbitration Act ("FAA"):

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order, unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

---

[2] On April 24, 2024, Petitioners requested the Court to consider the Petition as an unopposed motion for summary judgment and provided a copy of that letter motion to Respondent. Pet'r Letter, Dkt. 12. No opposition has been filed to date. The Court will, therefore, view this Petition as an unopposed motion for summary judgment and, accordingly, will accept Petitioners' factual assertions as true. *See D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 109–110 (2d Cir. 2006) (holding that an unopposed petition to confirm arbitration should be treated akin to an unopposed motion for summary judgment); *Universal TV Distrib. Holdings LLC v. Walton,* No. 03-CV-9133 (GBD), 2004 WL 2848528, at *2 (S.D.N.Y. Dec. 9, 2004) ("In an unopposed motion for summary judgment, plaintiff's recitation of the facts is assumed to be true." (cleaned up)).

"There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."[3] *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). An arbitration award should be vacated "only upon finding a violation of one of the four statutory bases [enumerated in the FAA], or, more rarely, if [the court] find[s] a panel has acted in manifest disregard of the law." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007) (cleaned up). There need only be a "barely colorable justification" for the arbitrator's decision. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Landy Michaels Realty Corp. v. Loc. 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). Accordingly, the Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig*, 497 F.3d at 138 (collecting cases).

When a petition to confirm an arbitration award is unopposed, courts treat the petition "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair*, 462 F.3d at 109. Accordingly, the undisputed facts must show that the moving party is entitled to judgment as a matter of law. *See id*. at 110.

## II. Arbitration Award

### A. The Statutory Requirements Are Met

The Collection Policy expressly requires collection disputes to be arbitrated. Collection Policy § VI(1) ("[L]egal action to collect delinquencies shall generally be in the form of arbitration."). The CBA further provides, "the decision of the arbitrator shall be final and

---

[3] The FAA provides that courts may vacate an arbitration award where (1) the award was procured by fraud or corruption; (2) the arbitrator was evidently partial or corrupt; (3) the arbitrator was guilty of misconduct; or (4) the arbitrator has exceeded his powers or imperfectly executed them such that a final and definite award was not made. *See* 9 U.S.C. § 10.

4

binding upon both parties and may be entered as a final decree or judgment in State or Federal Court in New York County/Manhattan." CBA art. XII § 3. Petitioners properly filed the petition within one year of the award, and the award has not been vacated, modified, or corrected. *See* Pet. ¶ 34. Thus, the statutory requirements for confirming the arbitration award have been met. *See* 9 U.S.C. § 9. No statutory exceptions apply because there is no indication of corruption, partiality, or misconduct, and the arbitrator did not exceed his powers. *See id.* § 10.

The arbitration award has more than a sufficient justification. The CBA and Collection Policy provide that if Petitioners prevail in a dispute over unpaid contributions, they may collect (1) delinquent contributions; (2) interest on the unpaid contributions at the prime rate of JPMorgan Chase Bank plus 2%; (3) an amount equal to the greater of interest on the delinquent contributions or liquidated damages in the amount of 20% of the unpaid contributions; (4) audit costs; and (5) reasonable costs and attorneys' fees. *See* CBA art. XV § 6(a)–(b); Collection Policy §§ IV(11), V(1), (4)–(6). The arbitrator calculated his award in accordance with this provision by granting the estimated deficiency of $378,374.02; interest of $25,428.29;[4] liquidated damages of $75,674.80; audit costs;[5] prospective court costs including, but not limited to, the filing fee of $402; attorneys' fees of $1,500; and the arbitrator's fee of $1,000. Arbitration Award at 2–3. Additionally, the CBA requires Respondent to make available its books and records for Petitioners' audits. CBA art. XV § 1. Thus, the arbitrator properly applied the contract and acted within the scope of his authority in his calculation of damages and his order for Respondent to comply with Petitioners' audit requests. Arbitration Award at 2–3.

---

[4]    $25,428.29 reflects the interest on the unpaid contribution at the prime rate plus 2%.

[5]    Audit costs reflect the prospective costs relating to Respondent's ordered compliance with Petitioners' outstanding audit request, including the costs and fees of the auditor, the legal fees incurred as a result of Respondent's failure to submit to an audit, and the fee of the arbitrator if further services are necessary. *See* Arbitration Award, Dkt. 1-13.

Because there is no evidence the arbitrator was aware of, and consciously disregarded, contrary law, the arbitrator did not show manifest disregard for the law.[6] *See D.H. Blair,* 462 F.3d at 110–11 (noting that manifest disregard requires demonstrating that the arbitrator "actually knew about the relevant rule of law" but did not apply it).

### III.     Attorneys' Fees and Post-Judgment Interest

The CBA and Collection Policy provide that Petitioners are entitled to reasonable attorneys' fees and costs in connection with formal proceedings to collect delinquent contributions. *See* Collection Policy §§ IV(11), V(6) (providing that if a matter proceeds to arbitration or litigation, the employer is responsible for attorneys' fees and any other expenses incurred by the Funds in collecting the delinquent contributions); CBA art. XII § 4, art. XV § 6(a)–(b) (requiring the employer to compensate the Funds for reasonable attorneys' fees and court costs upon confirmation of the arbitration award or in the event of formal court proceedings to collect contributions). The Collection Policy, binding on Respondent under the CBA, states: "Attorneys' fees shall be assessed against a delinquent employer, at the same hourly rate charged to the Funds for such services . . . for all time spent by Collection Counsel in collection efforts or in enforcing the Board of Trustees' rights to payroll reviews and/or audits." Collection Policy § V(6); *see* CBA art. XV § 3 ("Each Employer shall be bound by all of the terms and conditions of the Agreements and Declarations of Trust . . . and by all . . . policies . . . including but not limited to, the Funds' Revised Statement of Policy for Collection of Employer Contributions.").

The fees requested are reasonable. Petitioners request $78 in costs and $1,240 in attorneys' fees. The attorneys' fees reflect four hours of work charged to Petitioners at $310 per

---

[6]     This is especially evident because Respondent did not appear at arbitration and raise contrary law to the arbitrator. *Id.* at 2.

hour for associate attorneys and $155 per hour for legal assistants.  Bill, Dkt. 1-15.  Additionally, post-judgment interest on the full judgment amount at the statutory rate is proper under 28 U.S.C. § 1961(a).

## CONCLUSION

For the reasons above, the petition to confirm the arbitration award is GRANTED.  The Clerk of Court is respectfully directed to enter judgment for the Petitioner in the amount of $483,697.11 and to impose post-judgment interest at the statutory rate.[7]  *Id*.  The Clerk of Court is further directed to terminate all open motions and to CLOSE the case.

**SO ORDERED.**

**Date:  June 6, 2024**
       **New York, NY**                                          _____
                                                                 **VALERIE CAPRONI**
                                                                 **United States District Judge**

---

[7] "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a).